HERMSEN, Respondent v. TARRELL, Appellant

(188 N.W.2d 837)

(File No. 10862.  Opinion filed May 13, 1971)

**J. W. Grieves,** Winner, **John Tarrell,** Kearney, Neb., for defendant and appellant.

**John J. Simpson,** Winner, for plaintiff and respondent.

HANSON, Judge.

This action by Albert Hermsen is for damages for the removal of carpeting from a house alleged to be part of real estate purchased from defendant, Gladys E. Tarrell. A verdict in the amount of $950 was returned in favor of plaintiff and defendant appeals.

On October 22, 1966 the parties entered into a written contract for deed whereby plaintiff Hermsen agreed to purchase forty acres of land from defendant Tarrell for the sum of $35,000. The property is located two miles east of the city of Winner and includes a house and outbuildings. Plaintiff was to receive possession of the premises on January 2, 1967. The contract was silent as to whether any fixtures were to be excluded or excepted from the sale.

After the contract was entered into the parties had some conversations about plaintiff purchasing the wall to wall carpeting in the dining and living rooms of the house. These negotiations continued for over two months but nothing was ever settled or agreed upon. When defendant started to move her personal belongings from the house about January 6, 1967, plaintiff advised defendant she could not take or remove the carpeting as it was a part of the real estate. Despite this warning defendant took the carpeting and this action to recover its value followed.

Defendant's answer denied the wall to wall carpeting was included in the sale of the real estate. An amended answer was filed later in which defendant in essence alleged

plaintiff acted fraudulently in negotiating for the purchase of the carpeting "so as to mislead and deceive the defendant into thinking that the plaintiff was making no claim to the wall to wall carpeting in the house under the terms of the contract" and he should therefore be estopped from making a claim now.

Prior to trial plaintiff moved to exclude evidence of negotiations and conversations between the parties about the wall to wall carpeting subsequent to the execution of the contract for deed. This motion was properly granted by the trial court which, in effect, limited the issue in the case to the basic question of whether or not the carpeting was or was not a fixture. See 35 Am.Jur.2d, Fixtures, § 92, p. 772.

█ The mere allegation of fraud in defendant's answer did not render evidence of the same admissible. "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." SDCL 53-8-5. Defendant does not allege the contract for deed was entered into or induced by fraud, SDCL 53-4-5, or the contract was modified or altered by a later executed oral agreement, SDCL 53-8-7, nor does she seek rescission, SDCL 53-11-2, or revision because of alleged fraud or the mutual mistake of the parties as provided by SDCL 21-11-1.

██ Assuming all facts alleged in defendant's amended answer relative to conversations and negotiations after the contract was executed to be true the same would not be admissible in evidence as an exception to the parol evidence rule. Nor would they establish a defense to the action as no actual fraud is established thereby. Her claim of fraud is founded entirely upon plaintiff's failure or reluctance to promptly assert his legal right to the carpet as a fixture under the contract.

The amount of the verdict being within the range of the evidence as to replacement cost and value, the judgment appealed from is affirmed.

All the Judges concur.